UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS LAMONT DYNO, et al.,      :

      Plaintiffs      :      CIVIL ACTION NO. 3:19-1966

   v.      :      (MANNION, D.J.)

ALBERT DYNO, JR., Executor of      :
the ESTATE OF ROSMARIE
STERCHAK, Deceased,

                             :

      Defendant

## ORDER

Presently before the court is report and recommendation ("Report") of Magistrate Judge Joseph F. Saporito, Jr, (Doc. 11), which recommends that this action be dismissed for lack of subject matter jurisdiction. The plaintiffs have filed objections to the Report, (Doc. 12), and, in response, the defendant filed a brief in opposition to the objections, (Doc. 13). The plaintiffs subsequently filed a "Joint Motion for Order to Show Cause on Respondent, for Judge's Signature," (Doc. 14), and a "Joint Motion for Declaratory Judgment," (Doc. 20).[1]

---

[1] Although the plaintiffs have identified these motions as "joint" motions, they appear to misapprehend the term "joint" as it applies to legal motions. It appears that the plaintiffs were attempting to indicate that the motions were from both plaintiffs, as opposed to both parties.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa.2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

Even where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

In his Report, Judge Saporito observes that because both the state orphans' court proceeding and this case are *in rem* in nature, and because

the relief requested by the plaintiffs—an injunction directing the executor to deliver to them the stocks bequeathed to them—would require this court to exercise jurisdiction over property already under the control of the orphans' court, this court lacks jurisdiction under the *Princess Lida* doctrine. *See Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (requiring the second court to yield jurisdiction over a suit where both suits are *in rem* and the relief sought requires the second court exercise to control over property that is already under control of the first court); *see also Dailey v. Nat'l Hockey League*, 987 F.2d 172, 176 (3d Cir.1993). Judge Saporito notes that, while in other instances it would be appropriate to permit leave to amend the complaint to seek monetary damages, doing so is not appropriate here because the neither the estate nor the executor of an estate are state actors for purposes of Section 1983. Accordingly, Judge Saporito recommends that the court grant the defendant's motion to dismiss, (Doc. 7), and dismiss the complaint without permitting leave to amend, as any such amendment would be futile.

The plaintiffs have filed objections to Judge Saporito's Report; however, their objections do nothing more than restate the same arguments they raised elsewhere in their filings or express their fundamental misunderstanding of, and disagreement with, applicable law, including the jurisdiction of federal

courts.[2] The court has conducted a thorough review of all pertinent filings and finds the Report of Judge Saporito to be well-reasoned and well-supported. As such, the court will adopt the report in its entirety as the decision of the court.

Finally, because the court will adopt the Report and dismiss this action for lack of subject matter jurisdiction, the court will dismiss as moot the two subsequent "joint motions" filed by the plaintiffs on June 1, 2020, (Doc. 14), and September 13, 2020, (Doc. 20).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** Judge Saporito's Report, (Doc. 11), is **ADOPTED IN ITS ENTIRETY**;

**(2)** The plaintiffs' objections to the Report, (Doc. 12), are **OVERRULED**;

---

[2] The court notes that the plaintiffs have misidentified Magistrate Judge Saporito as a "Magistrate." The title "magistrate" no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub.L.No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). The plaintiffs are reminded to use the correct title when referring to magistrate judges in any future proceedings they may have before this court.

**(3)** The defendant's motion to dismiss, (Doc. 7), is **GRANTED**, and the Complaint, (Doc. 1), is **DISMISSED WITH PREJUDICE**;

**(4)** The plaintiffs' motion for an order to show cause, (Doc. 14), and their motion for declaratory judgment, (Doc. 20), are **DISMISSED AS MOOT**; and

**(5)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 13, 2020**
19-1966-01