UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS LAMONT DYNO, et al., | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:19-1966 |
| v. | : | (MANNION, D.J.) |
| ALBERT DYNO, JR., Executor of the ESTATE OF ROSMARIE STERCHAK, Deceased, | : | |
| | : | |
| Defendant | | |

**MEMORANDUM**

Presently before the court is a motion for reconsideration filed by the plaintiffs Thomas Lamont Dyno and Julia Dyno. (Doc. 23). For the foregoing reasons, the motion will be **DENIED**.

I.   BACKGROUND

Since the factual background of this case was set forth in the court's prior filings, it need not repeat it herein. Pertinent here, on October 22, 2020, the court adopted a report and recommendation by Magistrate Judge Joseph F. Saporito, Jr., (Doc. 11), that recommended dismissal of the plaintiffs' complaint, (Doc. 1), without leave to amend for several reasons. First, the complaint pertained to property which was the subject of a proceeding in the state orphans' court. Additionally, the relief sought, an injunction directing the

executor to deliver to the plaintiffs the stocks bequeathed to them, would have required this court to exercise jurisdiction over property already under the control of the orphan's court. Thus, this court concluded it lacked jurisdiction under the *Princess Lida* doctrine and that dismissal of the complaint was appropriate. The court declined to grant the plaintiffs leave to amend their Section 1983 claim to seek monetary damages because to do so would be futile in that neither an estate, nor an executor of an estate, is a state actor for purposes of Section 1983.

On November 1, 2020, the plaintiffs filed the present motion for reconsideration, (Doc. 23), attached to which was an "Affidavit Statement of Material Facts," (Doc. 23-1), an "Appendix Exhibits Introduced by Statement of Facts," (Doc. 23-2), and a memorandum of law in support of the motion, (Doc. 23-3).

On November 9, 2020, the plaintiffs filed a "Notice to Certify Questions pursuant to 28 USC §2403(a)." (Doc. 24). The following day, November 10, 2020, the plaintiffs filed a notice of appeal to the Third Circuit. (Doc. 25).

On November 19, 2020, the defendant Albert Dyno, Jr. filed a brief in opposition to the motion for reconsideration. (Doc. 27). The plaintiffs responded the following day with a reply brief. (Doc. 28).

## II. LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir.2010) (internal quotation marks omitted); *see also Chesapeake Appalachia, LLC v. Scott Petroleum, LLC*, 73 F.Supp.3d 488, 491 (M.D.Pa.2014) (Generally, reconsideration motions should be granted sparingly.). "The standard for granting a motion for reconsideration is a stringent one . . . . [A] mere disagreement with the court does not translate into a clear error of law." *Chesapeake Appalachia*, 73 F.Supp.3d at 491 (quoting *Mpala v. Smith*, No. 3:CV-06-841, 2007 WL 136750, at *2 (M.D.Pa. Jan. 16, 2007), *aff'd*, 241 Fed.App'x 3 (3d Cir.2007)).

**III.   DISCUSSION**

Initially, as the defendant observes, the plaintiffs' motion for reconsideration is untimely. Pursuant to Local Rule 7.10, a motion for reconsideration "must . . . be filed within fourteen (14) days after the entry of the order concerned." M.D.Pa. Local Rule 7.10. Since the order that the plaintiffs' wish the court to reconsider was entered on October 13, 2020, their motion should have been filed by October 27, 2020. The plaintiffs, however, did not file their motion until November 1, 2020.[1] Accordingly, their motion would properly be denied as untimely pursuant to this court's Local Rules.

Even excusing the untimeliness of motion, however, denial is nevertheless appropriate based upon on the merits. In their motion, the plaintiffs largely rehash, and expand upon, their arguments from their earlier filings and their objections to Judge Saporito's report and recommendation, as well as set forth additional "material facts" regarding the history of the case. (Doc. 23-1). A motion for reconsideration is not a proper vehicle for such purposes. It is well settled that that a motion for reconsideration "may not be used to give a dissatisfied party a chance to [change] theories and try

---

[1] Despite their *pro se* status, the plaintiffs are CM/ECF filers.

again, obtaining a second bite at the apple." *Kropa v. Cabot Oil & Gas Corp.*, 716 F.Supp.2d 375, 378 (M.D.Pa.2010) (internal quotation marks omitted). The plaintiffs' unhappiness with the court's October 13, 2020 order is not a sufficient basis to grant them relief.

Although they do cite to various historic cases, including some well over a century old, the plaintiffs do not identify any controlling authority that would change the outcome of this case. Likewise, the plaintiffs do not point to any recently-acquired evidence that would justify reconsideration. The burden for reconsideration is on the moving party and, put simply, the plaintiffs here have not demonstrated that any of the three grounds required for the court to grant reconsideration exist.

### IV. CONCLUSION

Based on the foregoing, the plaintiffs' motion for reconsideration of the court's October 13, 2020 order dismissing their complaint without leave to amend is **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 30, 2020**
19-1966-01

- 5 -